UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LETICIA ALVARADO ET AL** | **:** | **CASE NO. 2:23-CV-00961** |
| **VERSUS** | **:** | **JUDGE DAVID C. JOSEPH** |
| **BOYD GAMING CORP ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel filed by Defendants, Boyd Gaming Corporation and Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack, Casino and Hotel. Doc. 14. The motion seeks an order compelling Plaintiffs, Leticia Alvarado and Fransisco Alvarado, to produce initial disclosures and respond to written discovery propounded upon them by defendants. Plaintiffs filed no opposition to the motion to compel, and the briefing deadlines have passed. Doc. 15. After considering the pleadings, the record, the argument of counsel, and the applicable law:

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel be and is hereby **GRANTED**, and, accordingly, it is:

**FURTHER ORDERED** that, **on or before May 31, 2024,** Plaintiffs, Leticia Alvarado and Fransisco Alvarado, will produce their Initial Disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure to Defendants, and each shall respond fully to the First Set of Interrogatories and Request for Production propounded on them that are the subject of the present motion. "[I]n the absence of good cause, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, then any objections thereto are waived." *Hargiss v. Princeton Excess & Surplus Lines Ins. Co.*, No. CV 3:22-00886, 2023 WL 6520536, at *3 (W.D. La. Apr. 21, 2023) (citing *In re: United States of America*, 864 F.2d 1153, 1156 (5th Cir. 1989);

1

Fed. R. Civ. P. 33(b)(4)).  Plaintiffs have not responded to the Motion to Compel, and so the Court finds Plaintiffs have not established good cause to excuse their failure to timely respond to discovery.  Accordingly, Plaintiffs shall make no objections, save as to specific objections on privilege grounds, and no documents or information may be withheld on any grounds other than a claim of privilege which, if made, must be made specifically, and accompanied by a privilege log.

Defendants move for an award of expenses and attorneys' fees pursuant to Fed. R. Civ. P. 37.  Under Rule 37, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  *Id.*  Defendants claim they are entitled to expenses and attorneys' fees incurred in connection with this motion, and the court agrees.  Accordingly, it is:

**FURTHER ORDERED** that Defendants shall submit an affidavit and any necessary documentation detailing what it claims to be owed as a result of Plaintiff's noncompliance by **May 31, 2024**, to which Plaintiffs may submit a response by **June 10, 2024**.  Plaintiffs' response may address whether any factor set forth at Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) applies, such that an award of expenses and fees would be unjust.

**THUS DONE AND SIGNED** in chambers this 1st day of May, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**