UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LETICIA ALVARADO ET AL** | : | **CASE NO. 2:23-CV-00961** |
| **VERSUS** | : | **JUDGE DAVID C. JOSEPH** |
| **BOYD GAMING CORP ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

On May 1, 2024, this Court granted a Motion to Compel [doc. 14] filed by Defendants, Boyd Gaming Corporation and Boyd Racing, L.L.C., d/b/a Delta Downs Racetracks, Casino and Hotel (the "Defendants"). Doc. 16. Before the Court is the Motion for Attorneys Fees associated with the Motion to Compel. Doc. 16. For the reasons that follow, the Motion for Attorneys' Fees is **GRANTED** and it is hereby **ORDERED** that attorney fees and costs in the amount of $2,396.50 are awarded in favor of Defendants and against Plaintiffs, Leticia Alvarado and Francisco Alvarado.

### I.
#### BACKGROUND

The Motion to Compel alleged that Plaintiffs, Leticia Alvarado and Francisco Alvarado neglected to produce initial disclosures or to respond to written discovery propounded upon them by defendants. Doc. 16. Plaintiffs filed no opposition to the Motion to Compel. In granting the Motion to Compel, the Court ordered that the Plaintiffs provide their Initial Disclosures and respond fully to the First Set of Interrogatories and Request for Production by May 31, 2024. Doc. 16. The Court also ordered Defendants to submit a statement of fees and costs pursuant to Fed. R. Civ. P. 37. Movant has now submitted an affidavit and memorandum in support of the attorneys'

fees due.  Doc. 17.  The Court allowed Plaintiff until June 10, 2024, to respond to that statement, and plaintiff filed no response, making the request for attorneys' fees ripe for resolution.

## II.
### Law

Rule 37(a) of the Federal Rules of Civil Procedure governs motions to compel discovery responses and provides, as applies here, that a party may move to compel a discovery response if the opposing party fails to answer an interrogatory submitted under Rule 33 or fails to produce a document requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(iii)–(iv).  If the motion is granted or if the requested discovery is only provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" with certain exceptions. Fed. R. Civ. P. (a)(5)(A).

This is a personal injury case originally brought in state court, for which state law will supply the rule of decision.  *See* doc. 1, att. 1 (Petition for Damages).  Although this Court exercises federal diversity jurisdiction over this case under the provisions of 28 U.S.C. §1332, "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  When determining the reasonableness of attorneys fee awards, "Louisiana courts' methodology is similar to the lodestar method" typically employed by federal courts. *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 640026, at *1 (E.D. La. Feb. 15, 2024) (citing *Covington v. McNeese State Univ.*, 2012-2182 (La. 5/7/13), 118 So. 3d 343).

In the "lodestar method," Federal courts engage in a two-step inquiry when determining an appropriate award of attorney fees. First, the court determines the reasonable number of hours

- 2 -

worked and the reasonable hourly rate of the participating attorneys. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324-25 (5th Cir. 1995). The product of these two figures is the lodestar, "which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.* at 324. There is a "strong presumption" that the lodestar figure is reasonable. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999). If an adjustment is made, however, the court does so based on the following factors:

> 1) the time and labor required for the litigation; 2) the novelty and complication of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable;" 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases.

*La. Power & Light Co.*, 50 F.3d at 329 n. 19 (citing *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

### III.
#### APPLICATION

In determining the hourly rates for purposes of calculating the lodestar, a reasonable rate must be determined for each attorney at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Dugas v. Mercedes-Benz USA, LLC*, No. 6:12-CV-02885, 2015 WL 1198604, at *3 (W.D. La. Mar. 16, 2015). "If the hourly rate sought is not opposed, it is prima facie reasonable." *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2024 WL 640026, at *2 (E.D. La. Feb. 15, 2024). Here, Mr. Musser attests, and the court finds based on its own knowledge and experience as to reasonable fees, that the rates and fees charged to and paid by Defendants for the work performed on this matter are fair, reasonable, and commensurate to hourly rates of similar lawyers with similar experience.

Defendants were charged for partner time at $295.00 per hour, associate time at $170.00 per hour, and paralegal time at $130.00 per hour.  Doc. 17.

The time billed to Defendants for the preparation of the motion is likewise reasonable.  The memorandum in support of the Motion to Compel is concise: it contains a brief discussion of the law pertaining to waiver of objections to discovery, recounts Defendants' efforts to contact Plaintiffs' counsel regarding the overdue discovery, and attaches correspondence evidencing the same, as well as a Rule 37.1 certificate and the subject discovery requests. Doc. 14.[1]  At the conclusion of the briefing schedule, the parties submitted directly to Chambers a 24-page document entitled "Joint Submission Regarding Discovery Requests Still in Dispute," as instructed by the Court's Notice of Motion Setting.[2]  Doc. 15.  Because the motion to compel concerned the entirety of Defendants' first set of interrogatories and requests for production, the Joint Submission required Defendants to set forth each individual discovery request in table format and describe any production or argumentation relevant to that particular request.[3]  Finally, Defendants were ordered to prepare the affidavit summarizing the expenses and fees associated with the Motion Compel.[4]

Here, it is reasonable to assume that the Defendants' legal team (partner, associate, and paralegal) would collectively bill approximately 10-12 hours of work in connection with the

---

[1] Per the affidavit, Defendants incurred $844.00 in legal fees related to the discovery conference and the preparation and submission of the Motion to Compel and memorandum in support thereof, consisting of 1.4 hours of partner time at $295.00/hr., 2.0 hours of associate time at $170.00/hr., and 0.7 hours of paralegal time at $130.00/hr.  Doc. 17, p. 2.

[2] The Joint Submission is a table that provides the Court with a summary of each party's position as to each individual disputed discovery request and an overview of the extent to which the dispute may have resolved over the course of the briefing period.

[3] Legal fees related to the preparation of and filing of the Joint Submission Regarding Discovery Requests Still in Dispute:   $852.50, consisting of 0.7 hours of partner time, 3.8 hours of associate time, and 0.0 hours of paralegal time.  Doc. 17, pp. 2-3.

[4] Legal fees related to the preparation and filing of the required affidavit of fees:   approximately $700.00, consisting of estimated 1.0 hours partner time, 2.0 hours associate time, and .5 hours of paralegal time.  Doc. 17, p. 3.

Motion to Compel at an average billing rate of between $200 and $250 per hour, putting the lodestar in the range of $2,000-$3,000. Defendant seeks $2,396.50 in attorneys' fees incurred in connection with the Motion to Compel. Doc. 17, p. 4. Mr. Musser attests, and the court finds, that the actual rates and fees charged to and paid by Defendants for the work performed on this matter are fair, reasonable, commensurate to hourly rates of similar lawyers with similar experience, and proportionate to the amounts in dispute in this litigation. Mr. Musser also attests that he exercised billing judgment and reduced the time expended to the amounts billed. Doc. 17. Accordingly, the Defendants are entitled to recover attorneys' fees in the amount submitted to the Court.

## IV. CONCLUSION

Based on the foregoing, Defendants, Boyd Gaming Corporation and Boyd Racing, L.L.C., d/b/a Delta Downs Racetracks, Casino and Hotel, are hereby awarded their reasonable attorneys' fees incurred in connection with this motion to compel in the total sum of $2,396.50.

**THUS DONE AND SIGNED** in chambers this 28th day of August, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**