UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LETICIA ALVARADO, ET AL** | **CIVIL DOCKET NO. 2:23-cv-00961** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BOYD GAMING CORPORATION, ET AL** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 19] filed by Defendant Boyd Racing, LLC, d/b/a Delta Downs Racetrack Casino and Hotel (hereinafter, "Defendant" or "Delta Downs").[1] An Opposition, [Doc. 21], was filed by Plaintiffs, Leticia Alvarado ("Alvarado") and her husband, Francisco Alvarado ("F. Alvarado") (collectively, "Plaintiffs") to which Defendant filed a Reply, [Doc. 22]. For the following reasons, Defendant's Motion is GRANTED.

## FACTUAL BACKGROUND

Defendant Boyd Gaming Corporation is the owner and operator of Delta Downs, a horseracing track, which also includes a casino, hotel, and restaurant on its premises. [Doc. 19-2, p. 1]. On May 7, 2022, Plaintiffs went to Delta Downs to play the slot machines. [Doc. 21-1, p. 6]. Plaintiffs played the slot machines for a few hours before heading over to the Gator Grill, a restaurant located onsite. *Id*. After

---

[1] Also made a defendant in this case is Boyd Gaming Corporation, which the Complaint alleges is an entity carrying insurance policies for Boyd Racing, LLC, d/b/a Delta Downs Racetrack and Casino. [Doc. 1-1, ¶ 5].

arriving, Plaintiffs ordered their food and began walking to the other side of the restaurant to locate a table while their food was being prepared. *Id*.

Plaintiffs allege that while walking towards an available table, Alvarado slipped and fell on a pickle slice on the floor. [Doc. 1-1, p. 4]. The fall occurred at approximately 5:58 p.m. [Doc. 19-5, Exhibit C-2]. Alvarado reported her fall to Defendant's employees, who wrote up an Incident Report. [Doc. 19-5]. According to Plaintiffs' Complaint, Alvarado sustained injuries to her neck, mid and lower back, right knee, right hip, and right wrist because of the fall. [Doc. 1-1, p. 6].

## Procedural History

On April 21, 2023, Plaintiffs filed suit against Defendants, Boyd Gaming Corporation and Boyd Racing, LLC, d/b/a Delta Downs Racetrack and Casino in the 14th Judicial District Court for Calcasieu Parish, asserting claims under the Louisiana Merchant Liability Act, La. R.S. § 9:2800.6, ("LMLA") and a loss of consortium claim. [Doc. 1-1, pp. 3-6]. On July 20, 2023, Defendant, Boyd Gaming Corporation, removed the case to this Court pursuant to the Court's diversity jurisdiction. 28 U.S.C. § 1332. [Doc. 1].

In the instant Motion, Defendant seeks summary dismissal of all of Plaintiffs' claims, asserting that Plaintiffs cannot meet the requisite evidentiary burden under the LMLA. Specifically, Defendant argues that: (i) Plaintiffs have insufficient evidence regarding the cause of Alvarado's fall, [Doc. 19-1, pp. 11-15]; and (ii) Plaintiffs have failed to make the requisite factual showing that Defendant created any dangerous condition, or that Defendant had actual or constructive notice of such

a condition and subsequently failed to exercise reasonable care. *Id.* at pp. 17-19. Defendant also contends that because Alvarado's LMLA claim fails, so does F. Alvarado's loss of consortium claim. *Id.* at pp. 23-25.

In response, Plaintiffs argue that the Motion should be denied because genuine disputes of material fact exist as to whether Defendant had actual or constructive knowledge of the condition. [Doc. 21, p. 3]. Specifically, Plaintiffs assert that it is "not really" disputed that the pickle caused Alvarado's fall, and that Defendant had constructive knowledge of the condition and failed to remedy it. *Id.* at pp. 3-5.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim. *Hongo v. Goodwin*, 781 F. App'x 357, 359 (5th Cir. 2019), *citing Duffie v. United*

*States*, 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017), *quoting Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The motion for summary judgment should be granted if the non-moving party cannot produce sufficient competent evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

LAW AND ANALYSIS

I.  **Louisiana's Merchant Liability Act**

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, Defendant's liability for Alvarado's

accident and subsequent injury is governed by the LMLA. The LMLA imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. § 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving the existence of a hazardous condition and that:

1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care.

La. R.S. § 9:2800.6(B).

Importantly, a plaintiff bears the burden of proof as to each of these three elements. Indeed, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 515 (La. App. 3d Cir. 2011), *citing White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997); *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012).

## II. The Existence of a Hazardous Condition on Defendant's Premises

As a threshold matter, the Court addresses whether Plaintiffs have presented sufficient evidence to establish that a condition on the merchant's premises caused Alvarado's fall. La. R.S. § 9:2800.6(B). *See also Donaldson v. Sam's E., Inc.*, 2021 WL 4898724, at *3 (5th Cir. Oct. 20, 2021), *citing Waterman v. Acadiana Mall CMBS,*

*LLC*, 269 So. 3d 789, 800 (La. App. 3d Cir. 2019). As noted, Plaintiffs allege that Alvarado slipped and fell on a pickle slice on the floor. But the summary judgment evidence supporting this contention is limited.

At her deposition, Alvarado stated that she did not see the pickle on the floor prior to her fall. [Doc. 21-1, pp. 8-9]. Rather, she saw the pickle after her fall when her husband allegedly picked it up and threw it away in a nearby trashcan. *Id*. at pp. 6-8. After her fall, Alvarado testified that her husband looked back and said, "Oh it was a pickle, slice of pickle." *Id*. at pp. 6-8. In his deposition, F. Alvarado clarified that he saw the pickle only *after* Alvarado's fall and that he did not see her specifically step on the pickle. *Id*. at p. 34. This account matches the description of Alvarado's fall in Defendant's Incident Report.[2]

Besides this deposition testimony, the only other evidence in the record relevant to this issue is the surveillance video.[3] While Defendant's video surveillance footage that captured the incident is in the record, [Doc. 19-5, Exhibit C-2], the

---

[2] The Incident Report states: "Upon arrival to the scene, the guest, Leticia Alvarado, stated she was walking to sit at a table in the food court when she slipped on a pickle she did not see on the floor." [Doc. 19-5, p. 4]. When asked if this accounting of the incident captured what happened, Alvarado responded "Yes." [Doc. 21-1, p. 9].

[3] The Court notes that while the Incident Report, [Doc. 19-5, p. 4], does state that Alvarado *slipped on a pickle*, this is merely a recitation of Plaintiffs' account of the incident. Plaintiffs were interviewed by Defendant's employees after Alvarado's fall, [Doc. 21-1, p. 9], and this was the information used to fill out the Incident Report. As such, the Court finds that that Incident Report is not additional evidence, separate from Plaintiffs' underlying deposition testimony, that establishes that a pickle caused Alvarado's fall. *See Harris v. Kroger* Co., 2017 WL 6419296, at *3 (W.D. La. Dec. 15, 2017) ("Plaintiffs in this case argue that there is a genuine dispute of fact on causation because of certain written reports prepared after Mrs. Harris fell . . . . We now know that Mrs. Harris was speculating[.]").

footage does not show exactly what caused Alvarado to slip.[4] Although F. Alvarado appears to pick something up off the floor and throw it away after the incident, the surveillance video does not show a pickle or any other object on the floor causing Alvarado to slip. However, the video does show thirty-four people walking in the same area as Alvarado with no issue, ten of which walked the area within the ten minutes prior to Alvarado's fall. *Id.*

Both Louisiana courts and federal courts applying the LMLA in diversity have found this type of circumstantial, speculative evidence to be insufficient in similar cases. *See Holladay v. Lowe's Home Centers, L.L.C.,* 2024 WL 3688533, at *4 (5th Cir. Aug. 7, 2024) (no genuine issue of material fact as to causation when the plaintiff testified that he was not sure what he tripped on until he saw a zip tie after he fell, which he then considered the cause); *Ruello v. JPMorgan Chase Bank, N.A.*, 2021 WL 5998576, at *3 (E.D. La. Dec. 20, 2021) (no genuine issue of material fact when the only evidence the plaintiff presented that he tripped on a sprinkler head was that after he fell it was the only obstruction he noticed); *Mooty v. Centre at Westbank LLC*, 63 So. 3d 1062, 1067-68 (La. App. 5th Cir. 2011) (no genuine issue of material fact as to causation when the plaintiff stated she did not know what caused her fall); *Reed v. Home Depot USA, Inc.*, 843 So. 2d 588, 591 (La. App. 2d Cir. 2003) (same). Here, however, the Court need not decide the sufficiency of Plaintiffs' evidence regarding

---

[4] *See Short v. RaceTrac Petroleum, Inc.,* 361 So. 3d 1051, 1060 (La. App. 1st Cir. 2023), *reh'g denied, writ denied,* 361 So. 3d 973 (La. 2023) ("When asked what caused him to fall, Mr. Short stated, '[t]he ground was wet.' Although Mr. Short points to the surveillance videos in an effort to prove causation, a review of the videos merely reveals the general location of Mr. Short's fall, not what actually caused the fall.").

the cause of Alvarado's fall. Even assuming the proffered evidence is sufficient, summary judgment is appropriate on other grounds.

### III. Plaintiffs Present No Evidence That Defendant Created or Had Actual Knowledge of the Condition

Under La. R.S. § 9:2800.6(B), a plaintiff must demonstrate that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Plaintiffs do not contend and have not submitted evidence showing that Defendant created the condition. Rather, Plaintiffs rest their argument on actual and constructive notice.

#### A. Plaintiffs Cannot Show Actual Notice of the Condition

As to the first issue, Plaintiffs have presented no summary judgment evidence that Defendant had actual notice of the existence of the allegedly hazardous condition that caused Alvarado to fall. Both Plaintiffs stated that they did not know how the pickle got on the floor or how long it had been there [Doc. 21-1, pp. 7-8, 35], and the surveillance video does not indicate any incidents prior to Alvarado's fall that would have alerted Defendant's personnel [Doc. 19-5, Exhibit C-2]. Nor is there any other relevant evidence in the record. Thus, there is no genuine dispute of material fact regarding whether Defendant had actual notice of the existence of the allegedly hazardous condition on the floor.

#### B. Plaintiffs Cannot Show Constructive Notice of the Condition

A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. § 9:2800.6(C)(1).

Importantly, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." *White*, 699 So. 2d at 1084. "[A] simple showing that the condition existed is insufficient for a finding of liability and recovery." *Zeringue v. Wal-Mart Stores, Inc.*, 62 So. 3d 276, 279 (5th Cir. 2011). "'Mere speculation or suggestion' is not sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007), *quoting Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2d Cir. 2003). "[C]ourts will not infer constructive notice . . . where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id.*, *quoting Allen*, 850 So. 2d at 899.

The Court finds that Plaintiffs fail to offer any evidence that the pickle existed for some time prior to Alvarado's fall. Plaintiffs both testified that they did not know how the pickle got on the floor or how long the pickle was on the floor before Alvarado's fall, and they did not see it fall from anywhere. [Doc. 21-1, pp. 7-8, 35]. Further, the video surveillance footage does not even show that there was a pickle on the floor, much less how long it may have been there. [Doc. 19-5, Exhibit C-2]. And Plaintiffs have not otherwise presented evidence demonstrating that the pickle had been on the floor for any significant period.

In support of its contention that Defendant had constructive notice, Plaintiffs argue that Defendant failed to undertake any inspections or clean-up of the area in the hour prior to the incident. [Doc. 21, p. 4]. Plaintiffs also contend that the surveillance video does not show anybody dropping or spilling food near where Alvarado fell, thus creating an inference that the pickle had been on the floor for a

significant time period. *Id.* This is insufficient evidence to create a genuine dispute of material fact as to whether Defendant had constructive notice of the hazardous condition. *See Donaldson, supra, 2*021 WL 4898724, *quoting White, supra,* 699 So. 2d at 1082 (finding the plaintiff could not survive summary judgment on a constructive notice theory because the plaintiff failed to "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence"); *Mills v. Cyntreniks Plaza, L.L.C.,* 182 So. 3d 80, 84 (La. App. 1st Cir. 2015), *writ denied*, 180 So. 3d 308 (La. 2015) (no constructive notice when witnesses did not know how condition came to be on the floor, how long it was present, or see anyone drop anything); *Romano v. Jazz Casino Co., L.L.C.*, 2022 WL 989480, at *1 (5th Cir. Apr. 1, 2022), *cert. denied*, 143 S. Ct. 115, 214 L.Ed.2d 29 (2022) (no constructive notice when surveillance video in the moments before the accident showed several people walking by, none of which slipped on the alleged condition); *Martin v. Kroger Co.*, 273 F.3d 1099 (5th Cir. 2001) ("whether [the merchant] conducted sufficient inspections or used reasonable care in maintaining the store is simply not relevant to the issue of constructive notice[.]").

Because Plaintiffs fail to provide summary judgment evidence supporting the second element of their LMLA claim, the Court need not analyze the remaining elements to find that summary judgment is appropriate in this case. *Peterson v. Brookshire Grocery Company*, 751 F. App'x 533, 535 (5th Cir. 2018), *quoting White*, 699 So. 2d at 1086. And because Alvarado's underlying LMLA claim fails, so, too,

does F. Alvarado's claim for loss of consortium. *Ruello*, 2021 WL 5998576, at *3, *citing Brungardt v. Summitt*, 7 So. 3d 879, 888 (La. App. 4th Cir. 2009), *writ denied*, 18 So. 3d 77 (La. 2009).

## CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine dispute of material fact, and that Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 19] is GRANTED and Plaintiffs' claims against Defendant, Boyd Racing, LLC, d/b/a Delta Downs Racetrack Casino and Hotel, are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that because Plaintiffs' claims against co-defendant, Boyd Gaming Corporation, are contingent on the liability of Defendant, Boyd Racing, LLC, d/b/a Delta Downs Racetrack Casino and Hotel, all claims against Defendant, Boyd Gaming Corporation, are likewise DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 11th day of December 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE